23252. FARMERS & MERCHANTS BANK *v.* McLAUGHLIN, adm'r.

STEPHENS, J. Where a written agreement between a bank and its depositors, made in consideration of mutual benefits and to enable the bank, which had been taken over for liquidation by the superintendent of banks, to continue operations, provides that there shall be deducted from the amount of each depositor's deposit his pro rata part of the appraised value of described assets of the bank which are worthless and doubtful, and which the depositors, by this arrangement, agreed to purchase, but that the agreement shall not become binding unless depositors and creditors of the bank whose claims aggregate $150,000 shall have executed "this or similar agreements," the "similar agreements" provided for are agreements of similar import between the bank and other depositors and creditors, i. e. agreements in which the depositors agree that there shall be deducted from the amount of their deposits their pro rata part of the assets described in the contract. There is such agreement where a depositor having a certificate of deposit accepts from the bank only a portion thereof in full payment of the deposit, and agrees that the bank apply the balance to the depositor's pro rata part of the assets described in the contract.

2. In a suit by a depositor against the bank to recover an alleged amount due by the bank to him as a depositor, where the bank denied liability upon the ground that by virtue of an agreement between the bank and the depositors, such as indicated above, the unpaid amount of the plain-

tiff's deposit was to be applied to the payment of the plaintiff's pro rata part of the assets of the bank described in the contract, and where, as is conceded, the plaintiff is not entitled to recover if certain depositors having time certificates of deposit surrendered them to the bank for less than their face value, under an agreement between them and the bank that the amount of their deposits left in the bank should be applied to the payment of the depositor's pro rata part of the assets described in the contract, and, by such agreements, depositors and creditors of the bank having claims in the aggregate of $150,000 would have entered into a contract consenting that their pro rata part of the assets of the bank described in the contract be deducted from their deposits, and the contract would become a binding obligation, evidence that the depositors holding time certificates of deposit in the bank surrendered their certificates to the bank and accepted in full payment therefor 50% of their face value, and that the bank applied the rest of the money represented by the certificates of deposit to the payment of what would be the depositors' pro rata part of the assets described in the contract, if the depositors were parties to the contract, although there may not appear any specific or express agreement between the bank and the depositors who surrendered the time certificates to the bank that the balance of the deposit not withdrawn should be applied to the depositors' pro rata part of the described assets, authorized an inference of fact that the transaction between the bank and the depositors amounted to an agreement by which 50% of their deposits should be applied to the payment of the described assets, and that the depositors thereby executed a "similar agreement" and became bound with other depositors to the contract as originally executed by which the depositors having claims aggregating $150,000 should allow deducted from their deposits their pro rata part of certain described worthless and doubtful assets of the bank. Evidence to this effect, offered in the testimony of a witness who could testify that the certificates of deposit had been surrendered by the holders for 50% of their face value, and that the bank had applied the balance of the deposit not withdrawn to the payment of what would represent the pro rata part of the holders of the certificates to the payment of the assets of the bank as described in the contract, was relevant and admissible, and the court erred in excluding it.

3. Although the contract provided that there should be deducted from the deposits of the depositors and creditors who were parties to the contract their proportionate part thereof for the purchase of the assets of the bank described in the contract, and that these assets should be transferred by the bank to the depositors and creditors who were parties to the contract, the bank had the right, upon the execution of the contract by the required depositors and creditors, to withhold from them such pro rata share of their deposits. In a suit against the bank by a depositor to recover the amount of deposit which represented his pro rata part of his deposit to be applied towards the purchase of the assets described in the contract, where it does not appear that the bank had failed or refused to transfer the assets to the depositors and creditors who were entitled to them by the contract, it is not essential to the bank's right to withhold the deposit that the assets of the bank had

been actually transferred and delivered to the depositors who were entitled to them under the contract.

4. The court erred in excluding from evidence the original contract which was in writing.

5. The court did not err in excluding other testimony which was inadmissible as being conclusions of the witness and hearsay.

6. The court erred as above indicated in excluding evidence offered by the defendant, and in directing a verdict for the plaintiff.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 24, 1934.

*A. L. Hardy,* for plaintiff in error. *Joseph O. McGehee,* contra.